## GRESHAM v. POGUE et al. (5 Div. 883.)

(Supreme Court of Alabama. May 15, 1924.
Rehearing Denied June 19, 1924.)

**Alteration of instruments ⬤⟶17—Unauthorized alteration in timber grant held not to authorize cancellation of conveyance.**

That erasure of the word "oak" in a grant of timber rights was not made by grantors, or authoritatively did not authorize trial court to cancel conveyance entirely and enjoin a removal of any timber, since the unauthorized alteration did not divest title to oak timber originally granted.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bill in equity by Ella Pogue and another against W. L. Gresham. From the decree respondent appeals. Corrected and affirmed.

The bill alleges that complainants, on January 10, 1921, entered into a contract with respondent, in substance as follows:

"The state of Alabama, Tallapoosa county. Know all men by these presents: That we, Miss Ella Pogue and A. L. Pogue, for and in consideration of two hundred ($200.00) dollars to us in hand paid by W. L. Gresham, the receipt whereof we do hereby acknowledge, do hereby give, grant, bargain, sell, enfeoff and convey unto the said W. L. Gresham all of the oak timber located on the following described real estate, lying in Tallapoosa county, state of Alabama, to wit: All oak timber on the lands known as the old John L. Pogue Place, South and Southwest of the Veazy or Lockett branch and back to the road known as the Robinson Ferry road and to the old Veazy settlement road, located in beat nine. Said Gresham is to have twelve months in which to remove said timber from these lands and is to have the right of ingress and egress over all lands of the said Miss Ella Pogue and A. L. Pogue for the purpose of removing said timber, and is to have the right to locate a mill on said lands, and any other rights that may be necessary for the said Gresham to handle and remove said timber. All timber hereby sold to said Gresham is to be of ten inches diameter at the stump, and the said Gresham is not to cut any timber of lesser diameter, except for roadways or other necessary purpose in connection with the removing of the larger timber. All timber not so cut by said Gresham within the twelve months from date is to revert to and to become the property of Miss Ella Pogue and A. L. Pogue."

Thereafter, the time limit was extended as evidenced by this indorsement upon the original contract:

"For and in consideration of the sum of one dollar to me in hand paid by W. L. Gresham, the receipt whereof is hereby acknowledged, I do hereby extend the time in which said Gresham has to cut and remove the timber herein described to the 10th day of January, 1924. At the expiration of said date, all rights and in-

terest of said Gresham in said timber to terminate. Witness this Nov. 28, 1921."

It is alleged that at the time of the extension, respondent got possession of complainants' copy of the contract, and that when it was returned it had been altered by the erasure of the word "oak"; that respondent had his copy of the contract recorded after said extension agreement, and that the record omits the word "oak"; that respondent has cut other timber from the lands; that he is erecting a saw mill upon the land for the purpose of cutting all timber on the lands; that there remains but little of the oak timber on the tract, but that there is timber thereon, other than oak, of the value of $2,000, the cutting of which would work irreparable loss upon complainants, for the reason that respondent is not financially able to respond in damages

The prayer seeks a temporary injunction; a cancellation of the contract in the event it is found respondent has removed timber other than oak to a value greater than that of the oak remaining; or, if it be found the contract was changed or altered without the consent of complainants, that it be corrected and reformed, etc.

By his answer respondent denied altering the contract, and asserts that the change therein was made by complainants with the purpose of conveying all the timber upon the lands in question.

The trial court decreed that the original contract had been altered, but that the alteration was not made by complainants; that the contract of record be canceled; that, respondent having cut other than oak timber the time extension agreement be canceled, and all rights under the contract be divested out of the respondent; and respondent is permanently enjoined from exercising any right under the contract.

From this decree the respondent prosecutes this appeal.

Jas. W. Strother, of Dadeville, for appellant.

Contracts, until completely executed, or even after compliance with their terms, are open to change and modification, by mutual agreement, and such modifications require no other consideration to uphold them than the mutual agreement of the parties. Hembree v. Glover, 93 Ala. 622, 8 South. 660; Coleman v. Siler, 74 Ala. 435; Dickey v. Vaughn, 198 Ala. 283, 73 South. 507; Dunaway v. Roden, 14 Ala. App. 501, 71 South. 70; Id., 196 Ala. 701, 72 South. 1019; 2 Mayfield's Dig. 197. Whatever a person may do in the first instance he may ratify after it is done, and this may be effected by his actions and conduct as well as by an express ratification. Montgomery v. Crossthwait, 90 Ala.

553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; Wynn v. Tallapoosa Co. Bank, 168 Ala. 469, 53 South. 228; Sanders v. Bagwell, 37 S. C. 145, 15 S. E. 714, 16 S. E. 770; Janes v. Brewing Co. (Tex. Civ. App.) 44 S. W. 896.

Geo. C. Douville and G. J. Sorrell, both of Dadeville, for appellees.

Fraud includes all omissions or concealments which involve a breach or lack of equitable duty. Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571; Morgan v. Gaiter, 202 Ala. 492, 80 South. 876; Bozeman v. Colt Co., 19 Ala. App. 126, 95 South. 588; Adams Hdw. Co. v. Wimbish, 201 Ala. 548, 78 South. 902; Comm. Co. v. Cooper Bros., 196 Ala. 285, 71 South. 684.

ANDERSON, C. J. It is agreed that the original contract conveyed only the oak timber upon the land, but the respondent contends that when the extension of time was granted on November 28th for removing the timber the word "oak" was removed or stricken from the conveyance by mutual consent, and so stricken the instrument would operate to convey all timber upon the land instead of the "oak" only, as originally conveyed. The complainants contend that the word "oak" was not stricken by them or by any one else with their knowledge or consent and that nothing was said about the other timber when the time extension agreement was signed. We have carefully considered the evidence and are of the opinion that the weight of same, taking into consideration the surrounding circumstances and details, supports the conclusion of the trial court that the erasure of the word "oak" was not made by the complainants and that the original was not so authoritatively changed as to convey any timber other than the "oak." The trial court, therefore, properly held that the complainants were entitled to relief, but should have more properly ordered the reassertion of the word oak in the conveyance and the record of same and enjoined the respondent from removing any timber from the land other than the oak instead of canceling the conveyance entirely and enjoining a removal of any of the timber. The original document was an executed conveyance of the oak timber and the unauthorized alteration, even if made by the grantee, did not divest the title originally granted by the instrument, and, though altered, it continued as a memorial of the conveyance and as evidence to prove the existence of title in the grantee as originally conveyed. Ala. State Land Co. v. Thompson, 104 Ala. 570, 16 South. 440, 53 Am. St. Rep. 80. It appears that under the extension the respondent had 10 months, or, more accurately speaking, 9 months and 28 days, within which to cut and remove the oak timber, when the injunction was issued,

and the decree of the circuit court is corrected so as to correct conveyance and record as above indicated and the injunction is modified so as to exclude from the operation of same the oak timber of the size limit as conveyed by the original instrument and the respondent is given 9 months and 28 days from the rendition of this judgment within which to cut and remove said oak timber.

The decree of the circuit court is corrected and modified, as above indicated, and affirmed.

Corrected and affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.